UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PATTERSON, | No. 2:24-cv-01125-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| U.S. BANKCORP, | |
| Defendant. | |

Plaintiff is proceeding pro se after his counsel was allowed to withdraw. This matter was referred to the undersigned for pretrial proceedings pursuant to Local Rule 302(c)(21). ECF Nos. 9-10. Defendant has filed a motion to dismiss for failure to prosecute (ECF No. 12), however a scheduling conference has not been held in this matter as the initial scheduling conference was vacated (ECF No. 6) and all hearings and motions were vacated at the time of referral (ECF No. 10). Pursuant to the provisions of Rule 16 and 26 of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that:

1. A Status (Pretrial Scheduling) Conference is set for Thursday, **June 5, 2025 at 10 a.m.**, at the United States District Court, in Courtroom 27.

2. The parties shall meet and confer pursuant to Rule 26(f). Not later than fourteen (14) days prior to the Status Conference, the parties shall file a joint status report (or individual status reports if a joint report is not feasible) addressing the following matters:

   a. Service of process;

   b. Possible joinder of additional parties;

   c. Any expected or desired amendment of the pleadings;

   d. Jurisdiction and venue;

   e. Anticipated motions and their scheduling;

   f. The report required by Federal Rule of Civil Procedure 26(f) outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

   g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

   h. Special procedures, if any;

   i. Estimated trial time;

   j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

   k. Whether the case is related to any other cases, including bankruptcy;

   l. Whether a settlement conference should be scheduled;

   m. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as a settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference before another judge;

   n. Any other matters that may add to the just and expeditious disposition of this matter.

  3. Defendant's motion to dismiss also remains calendared for June 5, 2025. Plaintiff's response to the motion is due within 14 days after the filing of the motion pursuant to Local Rule 230. <u>Failure to respond to the motion and/or failure to meet and confer and file a status report as directed herein may lead to a recommendation to dismiss the action for failure to prosecute</u>.

IT IS SO ORDERED.

DATED: April 22, 2025.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE