UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PATTERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. BANKCORP dba U.S. BANK NATIONAL ASSOCIATION,<br><br>  Defendant. | No.  2:24-cv-01125-DAD-SCR<br><br><u>ORDER TO SHOW CAUSE</u> |

  Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On June 13, 2025, Defendant filed a motion for judgment on the pleadings.  ECF No. 21.  Plaintiff failed to respond to Defendant's motion for judgment on the pleadings, after failing to file a written opposition to Defendant's earlier motion to dismiss this action for failure to prosecute.  ECF No. 12.  The Court has taken Defendant's motion for judgment on the pleadings under submission and will not hold a hearing on that motion.  The Court now orders Plaintiff to show cause within 14 days as to why the Court should not recommend dismissal of this action.

  At the hearing on June 5, 2025, the Court explained in detail Plaintiff's responsibility to participate in this lawsuit and respond to all motions, including the motion for judgment on the pleadings that Defendant later filed.  The Court specifically stated, "you will have to respond to

that motion, either yourself representing yourself pro se, or you're going to have to hire an attorney to represent you … you can't just not respond and then later show up for court and hope for the best."

Under Local Rule 230(c), an opposition to a motion "shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed." The Local Rules are clear on the consequences of failing to respond to a motion: "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 230(c). A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion. *Id.*

If the Court were to grant the motion for judgment on the pleadings, Plaintiff would normally be allowed leave to amend to attempt to correct the defects in his complaint as identified in Defendant's motion. However, Plaintiff's failure to participate in this case makes it impossible for the Court to determine whether leave to amend should granted. Good cause appearing, IT IS HEREBY ORDERED:

1. **Plaintiff shall show cause, in writing, within 14 days** as to why the motion for judgment on the pleadings should not be granted. Plaintiff's response to this Order shall explain (1) why he did not file a timely opposition to Defendant's motion for judgment on the pleadings and (2) why that motion should not be granted. Plaintiff must also indicate what additional facts he could plead in an amended complaint that would demonstrate that he can state a claim on which relief can be granted.

2. If Plaintiff adequately shows cause, the Court may construe his filing as an opposition to Defendant's motion.

3. If Plaintiff fails to respond, the court will recommend dismissal of this case. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

SO ORDERED.

DATED: July 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2