UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PATTERSON<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANKCORP dba U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | No. 2:24-cv-01125-DAD-SCR<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action. *See* ECF No. 9. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). ECF No. 10. Before the Court are Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 12) and Motion for Judgment on the Pleadings (ECF No. 21). Plaintiff did not file a written opposition to either motion. The Court recommends the action be dismissed for failure to prosecute for the reasons set forth herein.

    I.    <u>Background and Procedural History</u>

Plaintiff, at the time represented by counsel, filed this action in state court on March 13, 2024. ECF No. 1 at 9. Defendant removed the action to this Court on April 15, 2024. ECF No. 1. District Judge Drozd issued an initial scheduling order on April 16, 2024, and set the matter for a status conference on August 27, 2024. ECF No. 3. On August 19, 2024, Judge Drozd

1

issued an order to show cause because Plaintiff had not filed a status report. ECF No. 6. The order directed Plaintiff to show cause within seven days as to why "this action should not be dismissed due to plaintiff's failure to prosecute." *Id.* Plaintiff did not timely respond. Instead, on August 29, 2024, counsel filed a substitution stating that Plaintiff consented to proceeding pro se. ECF No. 9. The matter was then referred to the undersigned, and Defendant filed a motion to dismiss for failure to prosecute. ECF Nos. 10 & 12. The Court set the matter for pretrial scheduling conference and directed the parties to file status reports with proposed pretrial dates. ECF No. 14. Defendant filed a status report (ECF No. 16), but Plaintiff did not. Defendant's report stated that attempts to contact Plaintiff had been unsuccessful. ECF No. 16 at 1.

Plaintiff then appeared pro se at the June 5, 2025 hearing. The Court indicated it was inclined to deny the motion to dismiss for failure to prosecute because Plaintiff had appeared at the hearing. However, Plaintiff was cautioned about his responsibility to participate, including filing written responses to motions, and informed that he must comply with the Local Rules.

Defendant then filed a motion for judgment on the pleadings on June 13, 2025. ECF No. 21. Plaintiff did not file a response, and the Court issued an order to show cause on July 23, 2025. ECF No. 23. Plaintiff was directed to show cause, in writing, within 14 days as to why the action should not be dismissed. Plaintiff was further cautioned that a failure to respond would result in a recommendation to dismiss the action. Plaintiff has not filed a response.

II. Analysis

Plaintiff has been proceeding pro se in this matter since September 3, 2024. ECF No. 3. In year that he has been pro se, Plaintiff has filed only one document, a notice of change of address. ECF No. 20. Plaintiff has not responded to two motions filed by Defendant. Under Local Rule 230(c) a response was due "no later than fourteen (14) days after the motion was filed." An opposition to the motion for judgment on the pleadings was thus due by June 27, 2025, and none was filed. "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c).

The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to

dismiss an action for failure to prosecute, the Court considers:  1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits.  *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  This action was filed in state court seventeen months ago.  Plaintiff has filed nothing other than a change of address form in the last eleven months.  Plaintiff has failed to oppose two motions (ECF Nos. 12 & 21) and has not responded to two orders to show cause (ECF Nos. 6 & 22).  This factor weighs in favor of dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642.  This case has been on the Court's docket for almost a year and a half.  The Court has issued several orders and held one hearing.  The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendants

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642.  Limited delays and the pendency of a lawsuit are insufficient to establish prejudice.  *Id.*  However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643.  This matter cannot proceed to trial without Plaintiffs' participation and Plaintiff has only minimally participated since counsel withdrew.  The Court finds this factor weighs in favor of dismissal.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives.  The Court has issued

1  two orders to show cause, and Plaintiff has not responded.  The Court has cautioned Plaintiff that
2  non-compliance with court orders and Local Rules may lead to a recommendation to dismiss the
3  action.  The Court finds that lesser sanctions would be futile given Plaintiff's seeming
4  unwillingness to participate in the litigation.  The most severe approach would be to dismiss the
5  action with prejudice.  However, the Court concludes that the less drastic alternative of dismissal
6  without prejudice is appropriate.  This factor weighs in favor of dismissal.

**5.  Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*   The Court finds this factor weighs against dismissal.

III.  Conclusion

The Court has considered Defendant's Motions and Plaintiff's failure to oppose the motions.  The failure to comply with Local Rule 230 alone could merit dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  However, the Court has further considered the history of the litigation, including Plaintiff's apparent failure to take any action in the litigation since he began proceeding pro se in September 2024.  The Court finds upon consideration of the *Ferdik* factors that dismissal of the action without prejudice is appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110;
2. Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings (ECF Nos. 12 & 21) be DENIED AS MOOT; and
3. The Clerk be directed to enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE